UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IRA MARSHALL | CIVIL ACTION NO. 03-0673-P |
| versus | JUDGE HICKS |
| WARDEN BURL CAIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

A Caddo Parish jury convicted Ira Marshall ("Petitioner") of second degree murder, which mandated a life sentence. Petitioner pursued a direct appeal and an application for post-conviction relief. He then filed a federal habeas corpus petition that asserts seven attacks on his conviction. For the reasons that follow, it is recommended that the petition be denied.

**Issue One: Sufficiency of the Evidence**

Petitioner styles his first claim as an attack on the trial court's denial of his motion for post-verdict judgment of acquittal. The argument is, in substance, an attack on the sufficiency of the evidence, which was a basis for that post-verdict motion. The state appellate court addressed this claim on direct appeal. Tr. 370-76.

The evidence showed that Petitioner was playing dice with Delores Clark at a gambling house in Shreveport when Edward Lias interrupted the game and asked Clark about

$4 she owed him. Clark gave Lias the money, but Petitioner and Lias exchanged words. Petitioner left the room, came back with a .38 caliber revolver, and began shooting.

Stray bullets hit Oliver "Bull" Rogers, an innocent bystander. Witnesses testified that Petitioner continued shooting even as Lias ran out of the house and down the street. Lias eventually fell to the ground, struck with fatal shots. Petitioner walked to his mother's home across the street, where he was later arrested. Police seized the revolver used in the shooting.

Petitioner argues that the evidence supports only a manslaughter conviction rather than a second degree murder conviction (which requires specific intent to kill or cause great bodily harm). He urges that the testimony showed that the victim picked a fight with Petitioner, that Petitioner repeatedly asked the victim to leave him alone before he fired, and that the argument between the men continued until shots were fired. Mr. Rogers, the innocent bystander, testified for Petitioner and corroborated that version of events. Tr. 305-09. Petitioner himself testified that Lias rushed at him and that Petitioner only fired to scare Lias. Tr. 309-24.

There was contrary eyewitness testimony from Ms. Clark, who said that Petitioner left the room soon after an exchange of words between him and Lias. Petitioner then returned and began shooting. Lias was running for the door when the shooting started. Tr. 219-29. Other witnesses offered similar testimony. Angie Porter testified that Petitioner "walked in the back and he came out the back room and he started shooting" at Lias, who was standing at a table gambling. Lias ran out the door, with Petitioner in pursuit and firing at him. Porter

heard more shots, and she looked outside and saw that Lias had fallen in the street and that Petitioner was walking toward his mother's nearby home. Tr. 248-55. Brandy Robinson heard two shots, jumped out a window, ran to the front of the house, and saw Petitioner chasing Lias down the street and shooting him. Tr. 237-48.

Shreveport Police Officer Daniel Atkins testified that he arrested Petitioner, who stated, "I didn't mean to shoot "Bull" but that other guy, you know, I tried to kill him." Atkins did not put this statement in his report, and he only told the prosecutor about it on the morning of a first trial setting, explaining that he had noticed in preparation that he omitted the statement from his police report. Tr. 206-18. Petitioner argues that Atkins' testimony is not reliable and points out that Officer Sara Callicoatte testified that she did not hear any statements from Petitioner. Officer Callicoatte explained that her job was to keep people away from the crime scene. She testified on direct that Officer Atkins placed Petitioner in his patrol car, which was outside the crime scene. She was asked on cross if she heard any statements, and she said that she did not. Tr. 255-58.

In evaluating the sufficiency of evidence to support a conviction "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979). The trier of fact has broad discretion to "resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

The Louisiana appellate court invoked, recited and applied the Jackson standard on Petitioner's direct appeal. Thus, its decision was not "contrary to clearly established Federal law," so Petitioner can obtain habeas relief only if the state court's decision was an "unreasonable application" thereof. 28 U.S.C. § 2254(d); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). The issue is not whether the federal court thinks the state court was merely wrong; a state court decision may be incorrect yet not permit habeas relief. And it is only the State court's ultimate decision, not the quality of its analysis or opinion, that is at issue. Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002)(en banc), cert. denied, 123 S.Ct. 963 (2003). The appellate court's opinion, Tr. 370-76, includes a thorough discussion of the relevant testimony that both favored and possibly weighed against conviction. The three-judge panel concluded that the jury obviously rejected the testimony of Petitioner and Mr. Rogers and chose to find more credible the testimony from the other witnesses. There was also forensic pathology testimony that the victim had no defense wounds and that the "kill wound" that entered his back was consistent with someone who was running and ducking when shot. Other expert testimony showed that the shots were fired at a distance of four to six feet from the victim.

Under those circumstances, the state court quite reasonably concluded that there was sufficient evidence under the Jackson standard for a rational juror to find that Petitioner acted with specific intent to kill or cause great bodily harm, rather than in sudden passion or heat of blood which would warrant the lesser manslaughter conviction. Petitioner's arguments

to this court that Brandy Robinson and Officer Atkins were not credible or reliable are insufficient to upset the conviction. Credibility assessments are properly the role of the jury, and the state courts reasonably respected the jury's assessment. Habeas relief is not warranted on this claim.

**Issue Two: Limit of Cross-Examination**

Dr. George McCormick performed an autopsy on the victim. During cross-examination, defense counsel asked Dr. McCormick if he tested the blood alcohol level of the victim, and Dr. McCormick said that he did. (The autopsy report indicates that the victim's blood ethanol level was 0.15%. Tr. 66.) The prosecutor objected that the information would be irrelevant character evidence. Defense counsel argued that it was relevant to the victim's condition and state of mind at the time he was killed. The trial judge sided with the prosecution and did not allow the defense to ask additional questions about alcohol content. Tr. 266-67.

Petitioner argues to this court that it was error to limit that line of inquiry. The state appellate court addressed the argument on direct appeal. Petitioner had raised a self-defense claim. The court found that the blood alcohol level testimony would have been relevant to the self-defense issue of whether Petitioner reasonably believed he was in imminent danger of losing his life or receiving great bodily harm from an intoxicated Lias. The court found that the exclusion of the evidence was, however, harmless because the remaining evidence was "more than adequate to support the second degree murder conviction" and

"convincingly" showed that evidence of Lias' blood alcohol would not have affected the verdict. The court noted that the accepted testimony showed that the oral confrontation between the two men had stopped before Petitioner returned and began shooting. Tr. 374-76.

Whether the exclusion of evidence inquired into on cross-examination or otherwise is of constitutional dimension depends on the trial court's reason for the exclusion and the effect of the exclusion. In determining whether the Confrontation Clause is violated, the Supreme Court looks to factors such as the strength of the prosecution's overall case and the importance of the excluded evidence. See Kittelson v. Dretke, 426 F.3d 306, 319 (5th Cir. 2005) (examining Supreme Court precedents). Before a court may grant relief on the basis of such a claim, it must apply harmless error analysis. Id. The standard is whether the error had "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). This standard applies even if the state court did not conduct a harmless error analysis or employed a different standard. Kittelson, 426 F.3d at 320.

The state appellate court wrote that it was "convinced that the excluded evidence would not have affected the jury's determination." The evidence at issue was, as the appellate court found, relevant to the issues at trial and would have tended to help bolster the testimony of Petitioner and Mr. Rogers that the victim was arguing with Petitioner and others, but nearly all of the other evidence supported the prosecution's version of the case. Under these circumstances, the exclusion of the alcohol evidence did not have a substantial

and injurious effect or influence on the verdict, so habeas relief is not appropriate on this issue.

**Issue Three: False Statement in Opening**

The prosecutor described in his opening statement the evidence he expected to present. That evidence included Officer Atkins' testimony that Petitioner told him that he did not mean to shoot Bull but did want to kill the victim. Tr. 204. Petitioner argues to this court that this was a false statement because, during trial, the alleged making of the statement became "highly suspect" after it became known that Officer Atkins did not include the statement in his original report and that Office Callicoatte did not hear the statement.

The statement was the subject of a suppression hearing held before trial. The judge held that Petitioner's statement to Atkins was made voluntarily and intelligently, made after the reading of <u>Miranda</u> rights, and could be introduced at trial. The prosecution was given specific permission to refer to the statement in opening statements. Tr. 190-91. The defense made no objection during the opening statement. Petitioner did not raise this claim on direct appeal, but he did present it in a post-conviction application. Tr. 409. The district court rejected the claim because it was simply an attack on the credibility of the statement and not any of the procedural safeguards surrounding its admission. Tr. 517. The appellate court found that the claim regarding credibility had been fully litigated on direct appeal (the court apparently considered the sufficiency claim to have presented the issue) so was procedurally barred under La. C. Cr. P. art. 930.4(A). Tr. 547. The Supreme Court of Louisiana denied writs without comment. Tr. 739.

The last reasoned state court opinion on this issue clearly and expressly relied on a procedural bar, precluding federal review absent a showing of cause and prejudice. See Coleman v. Thompson, 111 S.Ct 2546 (1991). If the claim is deemed to have been exhausted during the direct appeal process (where no procedural bar was raised), as is suggested by the state appellate court's decision, this court may address the merits of the claim. Petitioner has not demonstrated that the state court's handling of this issue was clearly contrary to or an unreasonable application of clearly established Supreme Court precedent, as required by Section 2254(d)(1) to merit relief. To the extent Petitioner attempts to challenge a factual determination made by the state courts, the challenge fails under the requirement of Section 22554(d)(2) that it be "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" and the presumption of correctness set forth in Section 2254(e)(1).

**Issue Four: Secreting of Material Witness**

Petitioner argues that the prosecution withheld information about the location of Aaron Perkins, who knew that the victim had a knife in his possession and that the knife was removed from the victim's pockets before paramedics and police arrived. Petitioner asserted this claim on post-conviction application. The trial judge rejected it as a mere conclusory statement unsupported by evidence as to how the witness was allegedly concealed. Tr. 517. The appellate court held that Petitioner failed to meet his burden regarding the claim that the prosecution withheld information about the location of Mr. Perkins. Tr. 547.

Petitioner has yet to articulate any specific facts to support his conclusional allegation that the prosecution prevented his attorney from interviewing Perkins or subpoenaing him for trial. Plaintiff has not, therefore, shown that the state courts acted contrary to or unreasonably applied clearly established Supreme Court precedent. He has also failed to show that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. See Section 2254(d)(1) and (2). This court need not make further inquiry into such an inconcrete and speculative claim. U. S. v. Edwards, __ F.3d __, 2006 WL 477116, n. 10 (5th Cir. 2006) (collecting law under Section 2254 and 2255). Furthermore, a federal hearing is likely precluded by Petitioner's failure to develop the factual basis of this claim in the state courts. Section 2254(e)(2).

**Issues Five and Six: The Indictment**

Petitioner argues that his right to equal protection was violated because there was discrimination in the selection of the grand jury forepersons in Caddo Parish. The last reasoned state court opinion rejected the claim on the grounds that (1) it was waived when no pretrial motion to quash was filed and (2) state courts had held that the selection of forepersons in Caddo Parish since 1971 were not discriminatory. Tr. 547. The ruling based on a lack of motion to quash erects a procedural bar to this claim that may be overcome only on a showing of cause and prejudice. Williams v. Cain, 125 F.3d 269, 274-75 (5th Cir. 1997)(applying bar to a similar claim when state court rejected claim for lack of a motion to quash). The bar applies even when the state court reaches the merits in the alternative.

Hughes v. Dretke, 412 F.3d 582, 592 (5th Cir. 2005); Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999).

Petitioner attempts to show cause and prejudice by arguing that his attorney was ineffective for failing to file a motion to quash. The Fifth Circuit has affirmed a decision that an attorney's failure to file a motion to quash does not result in prejudice if a properly constituted grand jury would have simply re-indicted the defendant on the same charge. Pickney v. Cain, 337 F.3d 542 (5th Cir. 2003). There was more than adequate evidence to obtain another indictment had counsel filed a successful motion to quash. Accordingly, Petitioner cannot show the prejudice necessary to overcome the procedural bar defense to his attack on the indictment. The related Strickland claim also fails to warrant relief due to the inability to show prejudice.

**Issue Seven: Ineffective Appellate Counsel**

Petitioner argues that his appellate counsel should have argued for reversal based on (1) the attack on Officer Atkins' statement and (2) the assertion that the prosecution secreted a material witness. This claim was pursued on post-conviction application, and the state appellate court held that it was not incumbent upon counsel to argue those claims because they lacked merit. The court also concluded that, if the issues had been raised, the result of the appeal would not have been different. Tr. 548.

Persons convicted of a crime are entitled to effective assistance of counsel on their first appeal of right. Evitts v. Lucey, 105 S.Ct. 830 (1985). Counsel's performance on appeal is judged under the familiar two-prong Strickland test. On appeal, effective assistance

of counsel does not mean counsel who will raise every non-frivolous ground of appeal available. It means counsel who will perform in a reasonably effective manner. Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998) (citing Evitts). The petitioner must show that counsel's failure to raise an issue on appeal rendered the entire proceedings –– trial and appeal — fundamentally unfair. This is a heavy burden of establishing actual prejudice and not merely that an error had some conceivable effect on the outcome of the proceeding. Givens v. Cockrell, 265 F.3d 306, 310 (5th Cir. 2001).

The state appellate court was correct in its assessment of this issue. The appellate arguments that Petitioner suggests counsel should have made were lacking in merit. Petitioner has not come close to establishing entitlement to relief on this final issue.

**Conclusion**

Petitioner's claims fail on the merits or for the procedural default reasons described above. The State has, in its brief, asserted a number of timeliness, procedural bar and exhaustion defenses that were not discussed above because the reasons that were discussed resolve all of the claims. In the event a reviewing court should disagree with any of the resolutions recommended above, it should also consider the additional defenses raised in the State's brief.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and that Petitioner's complaint be **DISMISSED WITH PREJUDICE.**

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 18th day of April, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE